UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

**REPORT, RECOMMENDATION
AND ORDER**

Criminal No. 08-CR-004(S)(M)

v.

MONTE MONTALVO,

                Defendant.

This case was referred to me by Hon. William M. Skretny for supervision of all pretrial matters (Dkt. #11). Before me are defendant's pretrial motions directed at the superseding indictment (Dkt. #66). Oral argument was held before me on January 27, 2009. For the following reasons, I recommend that defendant's motion be DENIED to the extent that it seeks to dismiss the indictment and to suppress evidence, and I order that the motion be DENIED in part and GRANTED in part to the extent that it seeks pretrial discovery, and DENIED to the extent it seeks leave to file additional motions.

### BACKGROUND

Defendant, a Buffalo police officer, was initially charged in an indictment with one count of possessing a firearm (namely a Taurus Model 85 .38 special caliber revolver) between on or about December 20, 2007, while subject to an order of protection, in violation of 18 U.S.C. §§922(g)(8) and 924(a)(2). Indictment dated January 16, 2008 (Dkt. #1).[1] Defendant moved to dismiss the indictment, for suppression of evidence, and for pretrial discovery. In an Amended Report, Recommendation and Order dated June 18, 2008, I recommended that

---

[1]      Count 2 of the indictment sought forfeiture of the firearm.

defendant's motion be denied to the extent that it sought to dismiss the indictment and to

suppress evidence, and I ordered that the remaining pretrial discovery aspects of the motion be

denied (Dkt. #38).  Objections were filed by defendant to the Amended Report, Recommendation

and Order, which remain pending before Judge Skretny.

A superseding indictment was filed against defendant on October 15, 2008 (Dkt.

#56).  The superseding indictment charges defendant with two counts of possessing a firearm

between on or about October 18, 2006 and April 18, 2007 (Count 1) and April 23, 2007 and

December 20, 2007 (Count 2), while subject to an order of protection, in violation of 18 U.S.C.

§§922(g)(8) and 924(a)(2).[2]

## DISCUSSION AND ANALYSIS

### A.    Motion to Dismiss the Indictment

Defendant  relies on the Supreme Court's recent decision in <u>District of Columbia</u>

<u>v. Heller</u>, __U.S. __, 128 S. Ct. 2783 (2008), to argue that 18 U.S.C. §922(g)(8), as applied to

him, violates his Second Amendment right to possess a firearm.  Defendant's Motion (Dkt. #66),

pp. 4-8.  The government argues that by failing to provide an affidavit from defendant that he

possessed the firearm at issue for some purpose falling within the protection of the Second

Amendment, defendant lacks standing to raise this challenge (the government's Response (Dkt.

#67), pp. 2-3), and that in any event, <u>Heller</u> did not render 18 U.S.C. §922(g)(8) unconstitutional.

<u>Id</u>. at pp. 4-9.

---

[2]      Count 3 of the superseding indictment seeks forfeiture of the firearm (Dkt. #56).

Contrary to the government's position, defendant's constitutional challenge does not hinge on his possession of the firearm.  Because defendant is being prosecuted under 18 U.S.C. §922(g)(8), he has standing to bring an "as applied" challenge to the statute. *See* United States v. Manneh, 2008 WL 5435885, *15 (E.D.N.Y. 2008) ("now that defendant has settled once again upon a narrower theory challenging only the laws as applied to her in this prosecution; her standing to do so is of course self-evident, and not challenged by the government"); *see also* Gillespie v. City of Indianapolis, 185 F.3d 693, 710-11 (7th Cir. 1999), cert. denied, 528 U.S. 1116 (2000) (police officer who was prohibited from carrying a weapon pursuant to 18 U.S.C. §922(g)(8) had standing to assert a Second Amendment challenge to the statute).  The cases relied upon by the government (the government's Response (Dkt. #67), p. 3) do not compel a different result, as they address Fourth Amendment challenges to search warrants, rather than constitutional challenges to a statute.

Having concluded that defendant has standing to challenge the constitutionality of 18 U.S.C. §922(g)(8), I now turn to the merits of his argument.  In Heller the Supreme Court held that the District of Columbia's general prohibition on the possession of handguns violates the Second Amendment. 128 S. Ct. at 2821-22.  However, the Court made clear that the right to keep and bear arms as secured by the Second Amendment is not unlimited:  "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings." Id. at 2816-17.  Although defendant argues that "nowhere did [the Court] set forth a group of examples that included non-criminal violations under the penal law and similar charges such as traffic violations" (Defendant's  Reply (Dkt. #71), p. 2),

-3-

Heller noted that "we identify these presumptively lawful regulatory measures only as examples; our list does not purport to be exhaustive." 128 S. Ct. at 2817 n. 26.

"The Supreme Court thus distinguished between broad proscriptions of constitutional rights generally among all people, such as the statute in question in Heller, and other statutes that merely restrict or regulate the commercial sale of firearms, such as those in §922, sections of which the Court specifically mentioned as 'longstanding prohibitions' that will withstand constitutional analysis post-Heller." United States v. Erwin, 2008 WL 4534058, *2 (N.D.N.Y. 2008). "The crime in §922(g)(8) is not an outright ban on firearm possession like the situation in Heller. Instead, the restriction lasts only as long as the underlying state court order is in effect. The scope of the prohibition is also quite narrow . . . . Reducing domestic violence is a compelling government interest, . . . and 922(g) (8)'s temporary prohibition, while the state court order is outstanding, is narrowly tailored to that compelling interest. . . . These are narrowly crafted limits on when a citizen may possess a firearm and well tuned to the legitimate concerns of avoiding serious physical injury to a partner or child." Erwin, supra, 2008 WL 4534058 at *2; United Stated v. Knight, 574 F. Supp. 2d 224, 226-227 (D.Me. 2008) (same); United States v. Luedtke, 2008 WL 4951139, *4-6 (E.D.Wis. 2008) (same, but adding that "even if I were to apply strict scrutiny . . ., [§922(g)(8)] would survive").

Defendant has not cited any post-Heller decisions declaring 18 U.S.C. §922(g)(8) to be unconstitutional, and does not attempt to distinguish the post-Heller cases cited by the government (see the government's Response (Dkt. #67), p. 9). This is not surprising, since "it appears that every court which has considered a Second Amendment challenge to 18 U.S.C.

§922, post-Heller, has upheld the statute as constitutional." United States v. Marzzarella, 2009 WL 90395, *2 (W.D.Pa. 2009) (citing cases).

Defendant further argues that "an Order of Protection was not an appropriate restriction in this case" because (1) the order of protection was intended to be a no offensive conduct order as opposed to a no contact/stay away order, (2) there was no finding by the court that defendant posed a physical threat to his ex-wife,[3] (3) he was convicted of a non-criminal violation that led to the order of protection,[4] and (4) there was no notice with an opportunity to be heard. Defendant's Reply (Dkt. #71), pp. 3-8. These arguments go to the evidentiary weight of the government's case, rather than to the facial sufficiency of the superseding indictment. "It is well-established . . . that an indictment that is valid on its face, as is the case here, cannot be dismissed on the ground that it is based on inadequate or insufficient evidence. Instead, the time to advance such a motion is after the government has presented its case at trial." United States v. Williams, 2008 WL 4516234, *8 (W.D.N.Y. 2008) (Larimer, J.).[5]

Defendant relies heavily on United States v. Spruill, 292 F.3d 207, 221 (5th Cir. 2002), wherein the Fifth Circuit vacated a judgment of conviction finding that the order of

---

[3]     However, 18 U.S.C. §922(g)(8)(C) provides that the order include a "finding that such person represents a credible threat" or "by its terms explicitly prohibits the use, attempted use, or threatened use of physical force . . .", which is alleged in the superseding indictment.

[4]     Unlike 18 U.S.C. §922(g)(9) ("who has been convicted in any court of a misdemeanor crime of domestic violence"), a criminal violation is not required for a violation of 18 U.S.C. §922(g)(8).

[5]     In fact, there is also authority that defendant may not collaterally attack the state court order of protection so long as it is facially valid. See, e.g., United States v. Hicks, 389 F.3d 514, 534 (5th Cir. 2004), cert. denied, 546 U.S. 1089 (2006) ("'nothing in section 922(g)(8) suggests that the validity of the particular predicate court order may be inquired into in the section 922(g)(8) criminal prosecution.'" quoting United States v. Emerson, 270 F.3d 203, 213 (5th Cir. 2001)).

protection, which formed the basis for the 18 U.S.C. §922(g)(8) charge, was not entered after a

hearing of which the defendant received actual notice. Defendant's Reply (Dkt. #71), pp. 6-8.

However, the decision in <u>Spruill</u> involved an evidentiary challenge, not a pretrial motion to

dismiss the indictment on its face.[6]

The superseding indictment adequately alleges the elements of a 18 U.S.C.

§922(g)(8) violation, namely that the defendant was in possession of a firearm affecting

commerce while he was the subject of a court order that was issued after a hearing of which

defendant had actual notice that restrained him from harassing his intimate partner and explicitly

prohibited the use of physical force expected to cause bodily injury (Dkt. #56).  Based on the

facial sufficiency of the superseding indictment, defendant's motion to dismiss is denied without

prejudice.


**B.    Motion to Suppress Physical Evidence**

Defendant "repeats and realleges [his] . . . motion to suppress in the first

indictment with the same force and effect as though fully set forth at length herein." Defendant's

Motion (Dkt. #66), p. 29.  I likewise rely on the  recommendation contained in my June 18, 2008

---

[6]        The district court initially denied the defendant's motion to dismiss the indictment
without prejudice, stating "'I'm going to give full consideration to the motion, but I'm going to do it only
after a trial.'" 292 F. 3d at 208, 210.  On the date the bench trial was scheduled to commence, the parties
announced that they had "'entered into this conditional plea and we would like to perfect the record by
adducing evidence . . . we would like then to reurge the last Motion to Dismiss that we previously
presented to the Court after we present that  evidence'" <u>Id</u>.  After conducting an evidentiary hearing, the
district court "accepted the plea and found Spruill guilty of the offense 'subject to my final decision on
the issue of constitutionality.'" <u>Id</u>. at 212.  The district court later issued an order denying the defendant's
motion to dismiss the indictment. <u>Id</u>. at 212-213.

Amended Report, Recommendation and Order ((Dkt. #38), pp. 4-10) to deny defendant's motion

to suppress, which is currently pending before Judge Skretny on defendant's objections.


**C.     Motion for Pretrial Discovery**

**1.     Advance Notice of Hearsay Statements**

Defendant seeks advance notice of statements sought to be introduced against

defendant at trial pursuant to the residual hearsay exception set forth in Fed. R. Evid. 807.[7]

Defendant's Motion (Dkt. #66), pp. 8-9.   In response, the government argues that it does not

intend to introduce any statements pursuant to the residual hearsay exception.  The government's

Response (Dkt. #67), p. 10.  Therefore, I deny this aspect of defendant's motion as moot.


**2.     Scientific Evidence**

With respect to any matter at trial concerning which there is expert opinion

testimony or where there have been physical examinations or tests, defendant seeks "not only

simply a written 'report' relating to that examination, but also the immediate 'results' and other

documentation which was prepared in connection with all such scientific procedures."

Defendant's Motion (Dkt. #66), p. 9.  In response, the government alleges that it has provided

defendant with "reports of examinations with respect to the analysis of fingerprints and DNA."

The Government's Response (Dkt. #67), p. 10.   The photograph of defendant performing a "keg

stand", which was submitted in connection with the subject search warrant, has also been

---

[7]     Defendant incorrectly cites to Fed. R. Evid. 803(24) in support of his motion.

submitted for comparison with the seized firearm. Id. Once complete, the government will provide a report to defendant. Id.

Fed. R. Civ. P. ("Rule") 16(b)(1)(F) generally requires that the government disclose the "results *or* reports of any physical . . . examination and of any scientific test or experiment." (emphasis added).   Based upon the government's representations, it has complied with its Rule 16 discovery obligations. Therefore, I deny this aspect of defendant's motion.

### 3.      Early Disclosure of Law Enforcement Documents

Defendant seeks early disclosure of investigative reports prepared by law enforcement. Defendant's Motion (Dkt. #66), p. 9.  I previously denied a similar motion made by defendant in connection with the initial indictment based upon the government's representation that defendant has been provided with various law enforcement reports and will be provided with additional reports at trial pursuant to Jencks.

Defendant has offered me no basis to reconsider my initial determination. Accordingly, for the reasons set forth in my June 18, 2008 Amended Report, Recommendation and Order ((Dkt. #38), p. 120, I again deny this aspect of defendant's motion.

### 4.      Surveillance

Defendant seeks "summaries or logs of  intercepted conversation, as well as any applications for eavesdrops, search warrants, and pen registers, and the like."  Defendant's Motion (Dkt. #66), p. 10.  He explains that this information is necessary because "there is an ongoing investigation which apparently relates to this matter." Id.  In response, the government

responds that "there was no electronic surveillance conducted with respect to this action." The government's Response (Dkt. #67), p. 11.

Based upon the government's representations, I deny this aspect of defendant's motion as moot.

### 5.     An Unredacted Copy of the Search Warrant

Defendant seeks an unredacted copy of the search warrant application. Defendant's Motion (Dkt. #66), p. 10. I previously denied a similar request in connection with the initial indictment, and defendant has offered no basis for me to to reconsider my initial determination. Accordingly, for the reasons set forth in my June 18, 2008 Amended Report, Recommendation and Order ((Dkt. #38), pp. 11-12), I again deny this aspect of defendant's motion.

### 6.     Third Party Documents

Defendant argues that "the government and the grand jury may have obtained records from a variety of third party record keepers. As the collection of that information was or may have been material to the preparation of the case from the government's point of view. Its review by the defense is also now required in order to allow the defense to prepare." Defendant's Motion (Dkt. #66), p. 11. In response, the government contends that "defendant has been provided with all third party documents obtained by the government falling within Rule 16. Other documents, if any, will be provided at trial as 3500 material." The government's Response (Dkt. #67), p. 11.

Based on the government's representations, this aspect of defendant's motion is denied as moot.


7.      **Other Documents**

Defendant argues that "the government should be required to specify any additional documents in its possession or under its control which relate in any way to the present case so that the discoverability of that information might be evaluated at the present time." Defendant's Motion (Dkt. #66), p. 11.  In response, the government "believes that the defendant has been provided with copies of and/or access to all documents falling within Rule 16."  The government's Response (Dkt. #67), p. 11.

Based on the government's representations, this aspect of defendant's motion is denied as moot.


8.      **Tapes/Photos**

Defendant argues that in addition to the photographs and audiotapes themselves, it is "necessary for the defense be advised of how the original information was recorded, where the original recording (or negative) is being stored, and of the process utilized in reproducing the copies of this material". Defendant's Motion (Dkt. #66), p. 11. I previously denied a similar motion by defendant in connection with the initial indictment.

Defendant has offered no basis for me to reconsider my initial determination. Accordingly, for the reasons set forth in my June 18, 2008 Amended Report, Recommendation and Order ((Dkt. #38), p. 13), I again deny this aspect of defendant's motion.

-10-

### 9.    Physical Evidence

Defendant argues that he "has only selective knowledge concerning the physical evidence seized in connection with this case" and that the government should "disclose which, if any of the items seized it intends to use in its case-in-chief against the accused." Defendant's Motion (Dkt. #66), p. 12.  In response, the government argues that all such evidence has been produced and that it intends to use at trial all items of physical evidence.  The Government's Response (Dkt. #67), p. 12.

Based on the government's representations, this aspect of defendant's motion is denied as moot.

### 10.    Witness List

Defendant seeks a list of government witnesses.  Defendant's Motion (Dkt. #67), p. 12.  I previously denied a similar motion by defendant in connection with the initial indictment.

Defendant has offered no basis for me to reconsider my initial determination. Accordingly, for the reasons set forth in my June 18, 2008 Amended Report, Recommendation and Order ((Dkt. #38), p. 13), I again deny this aspect of defendant's motion.

### 11.    Bill of Particulars

Defendant seeks various particularization regarding Counts 1 and 2 of the superseding indictment. Defendant's Motion (Dkt. #66), pp. 12-13, 27 and 28.  I previously denied a similar motion for a bill of particulars directed at the initial indictment. *See* Amended

Report, Recommendation and Order dated June 18, 2007 (Dkt. #38), p. 14. However, because this is a distinct indictment, I will analyze defendant's motion anew.

A defendant may obtain a bill of particulars only if the requested information is necessary "(i) to enable him to prepare his defense; (ii) to avoid unfair surprise at trial; and (iii) to preclude a second prosecution for the same offense." United States. v. Persico, 621 F. Supp. 842, 868 (S.D.N.Y. 1985). However, a bill of particulars "should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense". United States v. Henry, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1994). "Whether to grant a bill of particulars rests within the sound discretion of the district court." United States v. Panza, 750 F. 2d 1141, 1148 (2d Cir. 1984).

I will address defendant's requests for particularization individually:

### a.   The date, place and time where the actual possession of the firearm occurred.

The government argues that the superseding indictment adequately informs defendant with respect to the time period during which it is alleged that he possessed the firearm at issue, and it "reserves the right to argue that the defendant actually and/or constructively possessed the firearm at issue." The government's Response (Dkt. #67), p. 13. It also argues that unlawful possession of a weapon is a continuing offense that ceases when the possession stops. Id. at pp. 14-15.

The superseding indictment alleges that "between on or about the 18th day of October, 2006, and on or about the 18th day of April, 2007" (Count 1) and "between on or about

the 23rd day of April, 2007, and on or about the 20th day of December, 2007 . . . did knowingly

possess . . . a firearm, namely a Taurus, Model 85, .38 special caliber revolver, bearing serial

number NB63708" (Count 2).  Superseding Indictment (Dkt. #56).[8]

        As set forth in my Amended Report, Recommendation and Order, "'Possession'

within the meaning of §922(g)(1) may be actual or constructive".  United States v. Johnson, 2008

WL 449794, *2 (2d Cir. 2008) (Summary Order).  While the superseding indictment very

generally describes the nature of the offenses alleged against defendant, it  provides no

specification as to whether it is alleged that defendant was in actual or constructive possession of

the firearm.  Likewise, the superseding indictment lacks specificity  as to whether it is alleged

that there were discrete acts of possession or continuing possession throughout the approximately

six-month period alleged in each of the two counts.  The government has also not represented

that the discovery provided thus far contains this information, and instead merely asserts that it

reserves its right to assert actual and/or constructive possession at trial.

        While I recognize that  a bill of particulars should not function to disclose the

government's  evidence or legal theories to be offered at trial, I find that particulars, including

whether the government is alleging actual, constructive, and/or continuing possession of the

firearm, along with approximate time frames for each possession, is necessary for defendant to

prepare his defense and to minimize any unfair surprise at trial, especially here where the alleged

period of possession in the superseding indictment is over such an extended period. See United

State v. Minaya, 395 F. Supp. 2d 28, 38 (S.D.N.Y. 2005) ("Although Javier does not explain why

---

[8]     Unlike the superseding indictment, the initial indictment alleged that defendant possessed the firearm "on or about the 20th day of December 2007".  Indictment dated January 16, 2008 (Dkt. #1).

this information is necessary for the adequate preparation of his defense, the Court finds that a bill of particulars specifying whether Javier is charged with actual or constructive possession of a firearm is warranted in this case. The disclosure of such information would serve the intended purpose of a bill of particulars . . . . The Government has not represented that any discovery provided thus far indicates whether Javier is charged with actual or constructive possession of a firearm." ).

While the government has provided discovery to defendant, a bill of particulars may be ordered "when more specific guidance is necessary to [defendant's] understanding of the charges and preparation for trial". United States v. Biaggi, 675 F. Supp. 790, 809 (S.D.N.Y. 1987).

**b.** **The substance of the defendant's conduct encompassed by the charge which the government intends to prove at trial or on their direct case.**

The government argues that this request is beyond the scope of a bill of particulars. The government's Response (Dkt. #67), p. 13. I agree, as the superseding indictment adequately alleges the substance of defendant's conduct.

**c.** **Whether or not there exists any other person(s) who aided or abetted said defendant.**

The government argues that this request is beyond the scope of a bill of particulars. The government's Response (Dkt. #67), p. 13. I agree, as the superseding indictment contains no allegation of liability based on aiding and abetting, or that an accomplice was involved.

    **d.**    **Specify any other overt acts of the accused intended to be proven at trial.**

The government argues that it is not required to prove overt acts with respect to either count of the indictment. The government's Response (Dkt. #67), p. 14. I agree. *See* United States. v. Matos-Peralta, 691 F. Supp. 780, 791 (S.D.N.Y. 1988) (because the government was not required to prove such facts in order to obtain a conspiracy conviction, defendants were not entitled to particulars in this regard).

    **e.**    **Whether or not there was any ammunition found in defendant's possession capable of being fired from the firearm described in the superseding indictment.**

The government argues that the firearm was unloaded when found and a description of the one round of ammunition seized from the defendant's vehicle has been provided. The government's Response (Dkt. #67), p. 14. I find that the government's response provides sufficient particularization.

    **f.**    **Whether or not defendant had in his possession at any time or place possession of ammunition capable of being fired from the firearm described in the superseding indictment.**

The government argues that this request is beyond the scope of a bill of particulars. The government's Response (Dkt. #67), p. 14. I agree, since possession of a loaded firearm is not an element of the offense. *See* Matos-Peralta, supra, 691 F. Supp. at 791.

**g.    Specify the known owner of the firearm, registered or otherwise.**

The government argues that this request is beyond the scope of a bill of particulars. The government's Response (Dkt. #67), p. 14.  I agree, since I find that the request "is an impermissible attempt to compel the Government to provide evidentiary details of its case." Biaggi, supra, 675 F.Supp. at 810. Nevertheless, the government has provided information with respect to a trace of the firearm.  The government's Response (Dkt. #67), p. 14.

**h.    Whether or not the firearm was positively identified as being in the actual possession of defendant.**

The government argues that this request is beyond the scope of a bill of particulars. The Government's Response (Dkt. #67), p. 14.  I agree, as the request seeks information that is evidentiary in nature. *See* Biaggi, supra, 675 F. Supp at 810.

**12.    Setting a deadline for discovery**

Defendant seeks an order setting a deadline for pretrial disclosure of Jencks and other disclosures. Defendant's Motion (Dkt. #66), p. 13.  The government has agreed to disclose this information at the pretrial conference pursuant to the District Judge's direction.  The government's Response (Dkt. #67), p. 15.

Defendant has not established that earlier disclosure of Jencks and other material is essential to the preparation of a defense in this case.  Therefore, I deny this aspect of defendant's motion.

**D.**     **Motion for Leave to File Additional Motions**

Defendant moves "for leave to file any additional motions which may become necessary as a result of disclosures made in connection with this motion." Defendant's motion (Dkt. #66), p. 29. I previously denied a similar motion by defendant in connection with the initial indictment, and defendant has offered no basis for me to reconsider my initial determination. Accordingly, for the reasons set forth in my June 18, 2008 Amended Report, Recommendation and Order ((Dkt. #38), p. 15), I again deny this aspect of defendant's motion.

**CONCLUSION**

For these reasons, I recommend that defendant's motion (Dkt. #66) be DENIED to the extent that it seeks to dismiss the indictment and to suppress evidence; I order that his motion be DENIED in part and GRANTED in part to the extent that it seeks pretrial discovery; and I order that his motion be DENIED to the extent that it seeks leave to file additional motions, without prejudice to the possibility of future motions upon a showing of good cause. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed. R. Crim. P. ("Rule") 58(g)(2) and Local Rule of Criminal Procedure 58.2.

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. *See, e.g.*, Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Local Rule 58.2, or with the similar provisions of Local Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.

**SO ORDERED.**

DATED:      February 9, 2009

JEREMIAH J. MCCARTHY
United States Magistrate Judge

-18-